IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Jeffrey J. DePolo,<br>        Appellant | : | |
| | : | |
| v. | : | No. 79 C.D. 2017 |
| | : | Submitted: July 7, 2017 |
| Board of Supervisors of Tredyffrin | : | |
| Township; and Michael C. Heaberg, | : | |
| Kristen K. Mayock, Paul Olson, | : | |
| Evelyn Richter, John P. | : | |
| DiBuonaventuro, Mark Freed, | : | |
| and Murph Wysocki, in their | : | |
| capacities as members of the | : | |
| Board of Supervisors of Tredyffrin | : | |
| Township and Tredyffin Township | : | |
| Zoning Hearing Board of Appeals; | : | |
| and Arnold Borish, Daniel McLaughlin | : | |
| and Neill Kling, in their capacities as | : | |
| members of the Zoning Hearing Board | : | |
| of Appeals of Tredyffrin Township | : | |

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE DAN PELLEGRINI, Senior Judge

OPINION BY
SENIOR JUDGE PELLEGRINI           FILED: August 2, 2017

         Jeffrey J. DePolo (DePolo) appeals from an order of the Court of Common Pleas of Chester County (trial court) finding that he could not "transfer" his federal complaint to the trial court under Section 5103 of the Judicial Code, 42 Pa.C.S. § 5103, to act as an appeal from a zoning board decision. We affirm.

**I.**

DePolo, a federally licensed amateur radio enthusiast, owns property located at 1240 Horseshoe Trail, Tredyffrin Township (Township), Pennsylvania (property) consisting of 2.9 acres and zoned in the R-1/2 Residential District of the Township. On November 25, 2013, he filed an application with the Township to construct a 180-foot radio tower on his property.[1] That application was denied by a zoning officer who concluded that Section 208-18(G) of the Township's Zoning Ordinance (Ordinance) limited structures in the R-1/2 Residential District to 35 feet.[2] DePolo was informed that he would be permitted to construct a 65-foot tower, but he rejected that offer.

**II.**

On February 4, 2014, DePolo appealed the denial of his application to the Tredyffrin Township Zoning Hearing Board (ZHB) contending that the Ordinance's fixed and firm height restriction of 35 feet, as enacted and as applied, was contrary to state[3] law and preempted by the Federal Communications

---

[1] DePolo and his wife originally filed the zoning permit application.

[2] The local zoning ordinance at issue, Section 208-18.0 of the Tredyffrin Township Zoning Ordinance, establishes area, bulk and height restrictions for the R-1/2 Residential District in which DePolo lives and provides that "[t]he height of any building shall not exceed 35 feet." Section 208-113, Building height projections, provides in relevant part that "antennas and similar projections shall be included in calculating the height of a building," with certain conditions.

[3] Section 302 of the General Local Government Code provides that a municipality that adopts "an ordinance . . . or takes any other action involving the placement, screening or height of antennas or antenna support structures shall reasonably accommodate amateur radio service communications and shall impose only the minimum regulations necessary to accomplish the legitimate purpose of the municipality." 53 Pa.C.S. § 302(a). It further provides that a "municipality may impose necessary regulations to ensure the safety of amateur radio antenna **(Footnote continued on next page…)**

2

Commission's (FCC) declaratory ruling known as PRB-1, *Federal Preemption of State and Local Regulations Pertaining to Amateur Radio Facilities,* 101 F.C.C.2d 952 (1985), adopted at 47 C.F.R. § 97.15(b).[4]  DePolo declined to reduce the height of the proposed tower.[5]

After public notice was provided and hearings were held, on October 23, 2014, the ZHB issued a decision denying DePolo's application for the 180-foot

------

**(continued…)**

structures, but must reasonably accommodate amateur service communications.  No ordinance, regulation, plan or any other action shall restrict amateur radio antenna height to less than 65 feet above ground level."  53 Pa.C.S. § 302(b).

[4] As pertinent, 47 C.F.R. § 97.15(b) provides:

> (b) Except as otherwise provided herein, a station antenna structure may be erected at heights and dimensions sufficient to accommodate amateur service communications.  (State and local regulation of a station antenna structure must not preclude amateur service communications.  Rather, it must reasonably accommodate such communications and must constitute the minimum practicable regulation to accomplish the state or local authority's legitimate purpose.  See PRB-1, 101 FCC 2d 952 (1985) for details.)

The FCC declaratory ruling known as PRB-1 announced "a limited preemption policy" stating that "local regulations which involve placement, screening, or height of antennas based on health, safety, or aesthetic considerations must be crafted to accommodate reasonably amateur communications, and to represent the minimum practicable regulation to accomplish the local authority's legitimate purpose."  *In the Matter of Federal Preemption of State & Local Regulations Pertaining to Amateur Radio Facilities*, 101 F.C.C.2d 952, 960 (1985).

[5] DePolo originally attached a variance application which, if granted, would allow him to erect a radio tower exceeding the Ordinance's height restrictions.  However, prior to the conclusion of the ZHB hearing, DePolo withdrew that application.

tower but granting him a permit for a 65-foot tower. The ZHB noted that there were three levels of regulation involved in the current appeal. The first level of regulation is contained in Section 208-18.0 of the Ordinance, limiting the height of structures to 35 feet in the R-1/2 Residential Zoning District. Section 208-113 of the Ordinance provides that "antennas and similar projections shall be included in calculating the height of a building. . . ."

The second level of regulation is contained in Section 302 of the General Local Government Code, where the General Assembly provided that municipalities regulating antenna height "shall impose only the minimum regulations necessary to accomplish the legitimate purpose of the municipality." 53 Pa.C.S. § 302(a). Municipalities may impose necessary safety regulations but must accommodate amateur radio communications and may not restrict radio antenna height to less than 65 feet above ground level. Municipalities may also take action "to protect or preserve a historic, a historical or an architectural district that is established by the municipality or pursuant to Federal or State law." 53 Pa.C.S. § 302(c).

As to the third level, the FCC's declaratory ruling known as PRB-1, adopted at 47 C.F.R. § 97.15(b), announced a "limited preemption policy." 101 F.C.C.2d at 960. The ZHB interpreted this regulation to prohibit "local municipalities from precluding amateur radio communications," but observed that the FCC expressly declined to regulate the height of radio antenna towers. (Reproduced Record (R.R.) at 37a-38a.) It noted that PRB-1 directed

municipalities to "accommodate reasonably" such communications without creating any rights for the amateur radio operators themselves.

Taking those regulations into consideration, the ZHB denied DePolo's request for the proposed 180-foot tower. The ZHB first found that the proposed tower was "not compatible" with the surrounding residential neighborhood because it "would greatly exceed the height of all residential buildings and accessory structures in the area" and "would create an adverse visual impact on the neighborhood." (R.R. at 36a.) The proposed tower's "height, mass, and latticework design" was "of a type universally associated with . . . a factory area or industrialized complex" and "poses a safety hazard to neighboring properties because its fall radius extends up to 120 feet into neighboring properties." (*Id.*)

The ZHB also found that the R-1/2 Residential District in which DePolo lived was designed under Ordinance Section 208-16 "to minimize disruption to notable features such as the Exceptional Value Valley Creek Watershed, Valley Forge Mountain, and the natural, scenic and historic character of the Township." (R.R. at 40a.) Moreover, it "would be visible from a key viewpoint in Valley Forge National Historical Park," which is a "historic resource and an important aspect of the visitor experience." (R.R. at 36a, 37a.)[6] It also

--------

[6] As the ZHB explained:

> The R-1/2 Residential Zoning District is specifically designed to minimize the disruption to notable features such as Valley Forge Mountain and, as such, the Township and residents have the right to expect the proposed tower to be reasonable in height and impact on the residential area while at the same time respecting the

**(Footnote continued on next page…)**

5

noted that the United States Department of Interior, National Park Service and Valley Forge National Historical Park objected to the application because the tower, as proposed, would be visible from a key viewpoint in the Valley Forge National Historical Park.

The ZHB also found that the reasonable accommodation required under PRB-1 did not "require[] a municipality to allow an amateur operator to erect any antenna s/he desires." (R.R. at 41a.) The ZHB concluded that the Township made a reasonable accommodation contemplated by the FCC by allowing a 65-foot tower, which DePolo declined despite "ample evidence" it would permit him to engage in extensive radio communications. It found that DePolo is able to engage in amateur radio communications using an antenna with a height as low as 17 feet. A 65-foot tower with a seven megahertz antenna would

---

**(continued…)**

> Applicants' right to participate in amateur radio communications. The proposed tower height will greatly exceed the height of residences in the area and, by its very design, is intended to be of such a height that it is taller than the tallest tree that may possibly cause some attenuation of the signal for the Applicants' desired communications at the upper frequency levels. The U.S. Department of the Interior, National Park Service, Valley Forge National Historical Park, a party to this matter, opposes this application because it will damage the viewshed of the historic Valley Forge Park. It is clear that the Township need not permit the construction and installation in a residential neighborhood of the type of antenna that is commonly and universally associated with those that one finds in a factory area or an industrialized complex.

(R.R. at 41a-42a) (citations omitted).

allow him to reach Ireland, Portugal, most of Spain, parts of North Africa and parts of France with a 40% reliability threshold, a threshold that would only increase by 10% were the 180-foot tower permitted. A 65-foot tower with a 14 megahertz antenna would allow him to reach Belgium, Amsterdam, all of Spain and North Africa with a 40-50% reliability threshold, which would also only increase by 10% were the 180-foot tower permitted.

The ZHB also concluded that the Ordinance's limitation of the maximum height of structures in the R-1/2 Residential District to 35 feet was not invalid because DePolo had the opportunity to seek a variance, which he withdrew by stipulation. While it denied his application for the 180-foot tower, the ZHB did grant DePolo a permit for a 65-foot tower.

## III.

Rather than appeal the ZHB's decision to the trial court, within 30 days of the ZHB decision, DePolo filed suit in federal district court (district court) contending that the 65-foot variance and the Ordinance's fixed and firm height restriction of 35 feet, as enacted and as applied, was contrary to state law and preempted by federal law. Following a motion to dismiss, on May 18, 2015, the district court found that it had jurisdiction under the decision *Izzo v. Borough of River Edge*, 843 F.2d 765 (3d Cir. 1988), but dismissed the matter pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. *See DePolo v. Board of Supervisors*

*of Tredyffrin Township*, 105 F. Supp. 3d 484 (E.D. Pa. 2015), *appeal dismissed*, 835 F.3d 381 (3d Cir. 2016).[7]

DePolo then filed an appeal with the United States Court of Appeals for the Third Circuit which, on August 30, 2016, issued a decision concluding that "[w]e have jurisdiction pursuant to 28 U.S.C. § 1291,"[8] but dismissing the action because:

> . . . DePolo's failure to appeal the ZHBA's [Zoning Hearing Board of Appeals] determination to state court rendered the decision final and that, given the unique procedural history of this case, **we must afford the ZHBA's final judgment the same preclusive effect that it would have had in state court**. It is therefore not reviewable in this suit.
>
> * * *
>
> We have explained that "in determining whether a litigant has been given a 'full and fair' opportunity to litigate a claim, we must take into account the possibility of appellate review" because a full and fair opportunity to litigate "includes the possibility of a chain of appellate review." The ZHBA is a state administrative agency acting in a quasijudicial capacity. It resolved this dispute by issuing a written determination containing final findings of fact and conclusions of law. While DePolo was aggrieved by the ZHBA's decision limiting the

---

[7] The district court dismissed the matter under Rule 12(b)(6) of the Federal Rules of Civil Procedure, holding that the Township's proposed 65-foot variance was a valid and reasonable accommodation to the 180-foot tower request and the Township's Ordinance was not federally preempted.

[8] *DePolo*, 835 F.3d at 386.

variance to 65-feet, he had adequate opportunity to litigate the matter beyond the ZHBA by appealing to the appropriate Court of Common Pleas within thirty days of the ZHBA's decision. **Rather than do that, DePolo filed this suit in the District Court, and allowed the thirty-day appeal period under state law to expire. This was fatal to his ability to obtain federal review of his claim.** DePolo actually withdrew his request for a variance before the ZHBA and then failed to challenge its factual findings or legal conclusions in the forum provided under state law. He is therefore now bound by the final judgment of the ZHBA. **Its ruling is a final judgment on the merits that is entitled to preclusive effect in federal court**. Accordingly, we will dismiss this appeal.

*DePolo*, 835 F.3d at 387 (footnotes and citations omitted, emphases added).

On September 12, 2016, DePolo filed a motion for transfer with the Third Circuit seeking to "transfer" his action to the trial court under Section 5103 of the Judicial Code, 42 Pa.C.S. § 5103 (relating to erroneously filed matters). The Third Circuit denied that motion. On November 10, 2016, more than two years after the ZHB's decision, DePolo filed a complaint with the trial court, again purporting to "transfer" the matter under 42 Pa.C.S. § 5103. Following preliminary objections, the trial court dismissed the matter with prejudice. DePolo then filed a notice of appeal.[9]

---

[9] Where a preliminary objection presents a question of law, such as objections related to issues of statutory interpretation, our scope of review is plenary, and our standard of review is *de novo. Russo v. Allegheny County*, 125 A.3d 113, 116 n.5 (Pa. Cmwlth. 2015), *aff'd*, 150 A.3d 16 (Pa. 2016).

**IV.**

This appeal presents the limited issue of whether DePolo can use 42 Pa.C.S. § 5103, titled "Transfer of erroneously filed matters," to transfer his dismissed federal action to state court to act as an appeal from the ZHB decision, from which he decided not to appeal. 42 Pa.C.S. § 5103(b), the specific provision in question, provides:

**(b) Federal cases.--**

(1) Subsection (a) shall also apply to any matter **transferred or remanded by any United States court** for a district embracing any part of this Commonwealth. In order to preserve a claim under Chapter 55 (relating to limitation of time), a litigant who timely commences an action or proceeding in any United States court for a district embracing any part of this Commonwealth is not required to commence a protective action in a court or before a magisterial district judge of this Commonwealth. Where a matter is filed in any United States court for a district embracing any part of this Commonwealth **and the matter is dismissed by the United States court for lack of jurisdiction**, any litigant in the matter filed may transfer the matter to a court or magisterial district of this Commonwealth by complying with the transfer provisions set forth in paragraph (2).

(2) Except as otherwise prescribed by general rules, or by order of the United States court, **such transfer may be effected** by filing a certified transcript of the final judgment of the United States court and the related pleadings in a court or magisterial district of this Commonwealth. The pleadings shall have the same effect as under the practice in the United States court, but the transferee court or magisterial district judge may require that they be amended to conform to the practice in this Commonwealth. Section 5535(a)(2)(i) (relating to termination of prior matter) shall not be applicable to a matter transferred under this subsection.

10

42 Pa.C.S. § 5103(b) (emphases added).

Because 42 Pa.C.S. § 5103(b)(1) provides that "a litigant who timely commences an action or proceeding in any United States court . . . is not required to commence a protective action in a court or before a magisterial district judge of this Commonwealth," DePolo contends that his "transfer" is actually a timely appeal from the ZHB's decision.

However, DePolo's purported "transfer" must fail for two reasons. First, 42 Pa.C.S. § 5103(b) only authorizes a litigant to transfer a matter from federal court to state court where the federal action was dismissed for lack of jurisdiction. Despite his protestations that his federal claims were dismissed for "a lack of jurisdiction to decide on the merits," (DePolo's Brief at 12), both the district court and the Third Circuit explicitly concluded that they each had jurisdiction over his claims, and then dismissed the federal complaint on other grounds. That fact, on its own, precludes DePolo's ability to transfer his federal action to the trial court.

Second, once the Third Circuit denied DePolo's motion to "transfer" his action to the trial court under 42 Pa.C.S. § 5103, in effect, even if it had dismissed the action for lack of jurisdiction, he was precluded from transferring the action to state court. It is more than well-settled that a federal order governing the same subject matter must be honored under the full faith and credit clause of the United States Constitution. *See Delaware Valley Citizens' Council for Clean Air v. Commonwealth of Pennsylvania*, 755 F.2d 38, 44 (3d. Cir. 1985).

11

Accordingly, we affirm the trial court's order.

_____
DAN PELLEGRINI, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeffrey J. DePolo,                             :
             Appellant          :
                                   :
          v.                     :    No. 79 C.D. 2017
                                   :
Board of Supervisors of Tredyffrin   :
Township; and Michael C. Heaberg,  :
Kristen K. Mayock, Paul Olson,     :
Evelyn Richter, John P.               :
DiBuonaventuro, Mark Freed,      :
and Murph Wysocki, in their        :
capacities as members of the        :
Board of Supervisors of Tredyffrin  :
Township and Tredyffin Township   :
Zoning Hearing Board of Appeals;   :
and Arnold Borish, Daniel McLaughlin :
and Neill Kling, in their capacities as  :
members of the Zoning Hearing Board :
of Appeals of Tredyffrin Township   :

# **O R D E R**

AND NOW, this 2nd day of <u>August</u>, 2017, it is hereby ordered that the order of the Court of Common Pleas of Chester County dated December 20, 2016, is affirmed.

_____
DAN PELLEGRINI, Senior Judge